**Aram SARGSYAN, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71350.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Yeznik O. Kazandjian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Regina Byrd, Attorney, Ernesto H. Molina, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Aram Sargsyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997), and deny the petition.

Substantial evidence supports the BIA's finding that Sargsyan failed to establish that government agents detained and beat him on account of any political opinion, real or imputed. *See id.* Although Sargsyan testified that his father fled Armenia for political reasons, he offered no evidence that the government agents who detained him were aware of his father's political beliefs. *See Sangha,* 103 F.3d at 1489 (holding that applicant must show that his persecutors actually imputed a political opinion to him). Furthermore, because the government agents were unaware that Sargsyan was politically active when they detained him, substantial evidence supports the BIA's finding that he was not detained on account of his political opinion. *See Navas v. INS,* 217 F.3d 646, 656 (9th Cir.2000) (noting that the applicant must show that he was persecuted because of his political opinion). By failing to qualify for asylum, Sargsyan necessarily fails to qualify for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Sargsyan also failed to establish that he was eligible for CAT relief. *See id.* at 1156–57.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

